```
       IN THE UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF FLORIDA
                PENSACOLA DIVISION
```

**UNITED STATES OF AMERICA**

vs                                              **No: 3:05cr81-02/RV**

**SARAH A. TOLBERT** /

## STANDING ORDER AND NOTICE TO RETAINED CRIMINAL DEFENSE ATTORNEYS

Retained criminal defense attorneys are expected to make financial arrangements that are satisfactory to themselves and sufficient to provide for representation of each defendant until the conclusion of the defendant's case.  Unless this Court, within seven (7) days after arraignment, is notified in writing of counsel's withdrawal because of the defendant's failure to make satisfactory financial arrangements, this Court will expect retained counsel to represent the defendant until the conclusion of the case.  Failure of a defendant to pay sums owed for attorney's fees or failure of counsel to collect a sum sufficient to compensate for all the services usually required of defense counsel will not constitute good cause for withdrawal after the 7-day period has expired.

Every defendant has a right to appeal from any conviction.  Thus, the further expectation of this Court and

the United States Court of Appeals for the Eleventh Circuit[1] is that retained counsel, in making satisfactory financial arrangements, will contemplate services to be rendered upon appeal.

If a defendant moves the Court to proceed on appeal **in forma pauperis** and/or for appointment of Criminal Justice Act appellate counsel, retained counsel will, in addition to the information required under Form 4 of the Rules of Appellate Procedure, be required to fully disclose **in camera** (1) the attorney's fee agreement and the total amount of such fees and costs paid to date, in cash or otherwise; (2) by whom fees and costs were paid; (3) any fees and costs remaining unpaid and the complete terms of agreements concerning payment thereof; (4) the costs actually incurred to date; and (5) a detailed description of services actually rendered to date, including a record of the itemized time  (to the nearest 1/10 of an hour) for each service, both in-court and out-of-court, and the total time.  Note that matters involving the receipt of fees from a client are not generally privileged, United States v. Sims, 845 F.2d 1564 (11th Cir. 1988); In re Slaughter, 694 F.2d 1258 (11th Cir. 1982); In re Grand Jury Proceedings: United States v. Jones, 517 F.2d 666 (5th Cir. 1975).  All

---

[1] See 11th Circuit Rules Addendum Four, "Eleventh Circuit Plan under the Criminal Justice Plan," § (d).

such information submitted will, of course, be viewed **in camera** by the Court for the purpose of deciding the defendant's motion, and will be a part of the record (sealed if requested) in this case.

Except in extraordinary circumstances, this policy will be strictly adhered to; such circumstances may be brought to the Court's attention by motion to be relieved of the duty to represent the defendant upon appeal.

**DONE and ORDERED this 24th day of August, 2005.**

/s/ *Roger Vinson*
**ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE**

3